IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: | Chapter 11 |
| TREE AND LAND, INC. | Case No. 11-46326 |
| Debtor, | Honorable Carol A. Doyle |

## NOTICE OF MOTION

To:   SEE ATTACHED SERVICE LIST

    PLEASE TAKE NOTICE that on Thursday, August 23, 2012, at the hour of 10:00 a.m., or as soon thereafter as counsel may be heard, a hearing on Centrue Bank's **MOTION TO COMPEL PRODUCTION OF DEBTOR'S BUSINESS RECORDS PURSUANT TO THE FINAL CASH COLLATERAL ORDER** will be heard before the Honorable Carol A. Doyle, or before any other Bankruptcy Judge sitting in her stead, in Courtroom 742 of the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois, at which time and place you may appear as you see fit.

                                                               /s/  Mark A. Bogdanowicz
                                                               Attorney for Centrue Bank

## CERTIFICATE OF SERVICE

    I, Mark A. Bogdanowicz, an attorney, on oath, certify that on August 15, 2012, I electronically filed a true and correct copy of the foregoing document with the Clerk of this Court using the CM/ECF system, which sent notification to all parties on the attached service list.

                                                               /s/  Mark A. Bogdanowicz

Mark A. Bogdanowicz, ARDC No. 6301322
Howard & Howard Attorneys PLLC
211 Fulton Street, Suite 600
Peoria, Illinois 61602
Telephone:  (309) 672-1483
Facsimile:  (309) 672-1568
Email: MBogdanowicz@howardandhoward.com

2094446v1

## SERVICE LIST

Richard G. Larsen
Attorney for Debtor
rglarsen@mrmlaw.com

Patrick S. Layng
U.S. Trustee
USTP.Region11@usdoj.gov

George P. Apostolides
Kevin H. Morse
Attorneys for Greener Gardens Sod Farm, LLC
gpapostolides@arnstein.com
khmorse@arnstein.com

Christopher E. Cannonito
Attorney for Greener Gardens Sod Farm, LLC
cannonitoltd@aol.com

Angela M. Fillenwarth
Attorney for Granby's Greenhouse
amf.boggslaw@att.net

James P. Moody
Attorney for Railroad Maintenance and Industrial
Health and Welfare Fund
jim@cavanagh-ohara.com

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: | Chapter 11 |
| TREE AND LAND, INC. | Case No. 11-46326 |
| Debtor, | Honorable Carol A. Doyle |

**MOTION TO COMPEL PRODUCTION OF DEBTOR'S BUSINESS RECORDS PURSUANT TO THE FINAL CASH COLLATERAL ORDER**

NOW COMES Centrue Bank (the "Bank"), by Mark A. Bogdanowicz of Howard & Howard Attorneys PLLC, and moves pursuant to Sections 363(e) and 105(a) of the Bankruptcy Code for an order compelling the production of certain financial records related to the business operations of Tree and Land, Inc. (the "Debtor"), and in support of its Motion, the movant respectfully represents as follows:

1. That on November 15, 2011 (the "Petition Date"), the Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code.

2. Based on the parties' prior stipulations and uncontroverted documentary evidence, the following facts are not in dispute:

   a. As of the Petition Date, the Debtor was indebted to the Bank (the "Bank's Claim"), based upon a promissory note and other loan documents (collectively, the "Loan Documents"), executed by the Debtor. (Final Cash Collateral Order, para. I.B [Docket No. 59].)

   b. As of the filing date, the Bank's Claim totaled $1,703,398.36 (the "Prepetition Indebtedness"), calculated as follows:

   |   |   |   |   |
   |---|---|---|---|
   | i. | Unpaid principal as of 11/15/11 | $ | 1,629,888.59 |
   | ii. | Unpaid interest accrued as of 11/15/11 | $ | 45,154.02 |

2093603v1

|      |                                 |    |              |
|------|---------------------------------|----|--------------|
| iii. | Late charges owed as of 11/15/11 | $  | 17,098.25    |
| iv.  | Attorneys' Fees                 | $  | 11,257.50    |
|      | **Total**                       | $  | **1,703,398.36** |

The Prepetition Indebtedness does not include any interest, late charges, costs and fees, including, without limitation, attorneys' fees and expenses that have accrued and continue to accrue after the Petition Date. (*Id.*, para. I.C.)

    c.    The Bank's Claim is secured by a duly perfected, valid, first priority lien on substantially all of the property[1] of the Debtor (the "Prepetition Collateral") and the cash collateral (as that term is defined in § 363(a) of the Bankruptcy Code) generated therefrom (for purposes of this Order, the "Cash Collateral"). (*Id.*, para. I.D.)

3.    On February 16, 2012, the Court entered a Final Order Authorizing Use Of Cash Collateral and Provision of Adequate Protection [Docket No. 59] (the "Cash Collateral Order") approving the parties' stipulations and generally providing for the terms governing the adequate protection of the Prepetition Collateral.

4.    Pursuant to the Cash Collateral Order, the Debtor is required to "account for all expenses authorized [by the Cash Collateral Order] and, upon written request of the Bank, shall deliver documents evidencing the expenses." (*Id.*, para. III.M.)

5.    On July 14, 2012, undersigned counsel requested in writing that the Debtor, within a week, "deliver copies of all documents related to the operation of its business, including, without limitation, check ledgers, accounts payable ledgers, invoices for services and/or goods provided by the Debtor, and purchase orders for inventory and inputs acquired by the Debtor, to the [Bank]...."

6. Since the Bank had not received the requested documents as requested, undersigned counsel reiterated the request on August 14, 2012, observing that the Bank would be filing a motion to enforce the terms of the agreed Cash Collateral Order so that the motion may be heard prior to the entry of an order closing the case.

7. Pursuant to Section 363(e) and 105(a) of the Bankruptcy Code, the Court should enter an Order compelling the Debtor to deliver copies of the following documents to the Bank within seven (7) calendar days after entry of said Order: all documents related to the operation of its business, including, without limitation, check ledgers, accounts payable ledgers, and purchase orders for inventory and inputs acquired by the Debtor.

WHEREFORE, Centrue Bank, respectfully requests that the Court enter an Order compelling the Debtor to deliver copies of the following documents to the Bank within seven (7) calendar days after entry of said Order: all documents related to the operation of its business, including, without limitation, check ledgers, accounts payable ledgers, and purchase orders for inventory and inputs acquired by the Debtor, and that it have such other and further relief as is just.

CENTRUE BANK

/s/     Mark A. Bogdanowicz
Mark A. Bogdanowicz, ARDC No. 6301322
Attorney for Movant
Howard & Howard Attorneys PLLC
211 Fulton Street, Suite 600
Peoria, Illinois 61602
Telephone: (309) 672-1483
Facsimile: (309) 672-1568
Email: MBogdanowicz@howardandhoward.com

---

[1] Although the stipulation was limited to the Debtor's personal property, the Bank holds a first priority lien on the Debtor's real property identified on Exhibit "A" hereto. Additional support for the Bank's secured claim is set forth in the Proof of Claim filed by the Bank on March 30, 2012 [Claim No. 20], and the exhibits attached thereto.

3

## CERTIFICATE OF ELECTRONIC FILING
## AND CERTIFICATE OF SERVICE

     I, the undersigned, do hereby certify that on August 15, 2012, I electronically filed a true and correct copy of the foregoing document with the Clerk of this Court using the CM/ECF system, which sent notification of such filing to the following:

     Richard G. Larsen
     Attorney for Debtor
     rglarsen@mrmlaw.com

     Patrick S. Layng
     U.S. Trustee
     USTP.Region11@usdoj.gov

     George P. Apostolides
     Kevin H. Morse
     Attorneys for Greener Gardens Sod Farm, LLC
     gpapostolides@arnstein.com
     khmorse@arnstein.com

     Christopher E. Cannonito
     Attorney for Greener Gardens Sod Farm, LLC
     cannonitoltd@aol.com

     Angela M. Fillenwarth
     Attorney for Granby's Greenhouse
     amf.boggslaw@att.net

     James P. Moody
     Attorney for Railroad Maintenance and Industrial
     Health and Welfare Fund
     jim@cavanagh-ohara.com

     /s/    Mark A. Bogdanowicz
     Mark A. Bogdanowicz

# EXHIBIT "A"

## EXISTING RESIDENTIAL LOTS

Lots 2392; 2401; 2403; 2404; 2407; 2426; 4088 & 4090 In the amended final plat of phase 1 of Hidden Acres Subdivision, according to the plat thereof recorded December 8, 2005 as document number 2005-32278 situated in the county of LaSalle and the state of Illinois.

## UNDEVELOPED LAND (Proposed Phase 2)

That part of the east half of section 12, township 35 north, range 4 east of the third principal meridian and part of the west half of section 7, township 35 north, range 5 east of the third principal meridian, described as follows: beginning at the north east corner of lot 2381 of Timber View Estates according to plat thereof recorded on May 1, 2001, as document R2001-12055, said point being on the south line of Hidden Acres Subdivision according to the plat thereof recorded on July 22, 2004, as document R2004-19941; thence north 89 degrees 23 minutes 32 seconds east along said south line, 792.54 feet to the southeast corner of lot 2392 of said Hidden Acres; thence north 00 degrees 34 minutes 58 seconds west along said east line and said east line extended, 282.13 feet; thence north 89 degrees 23 minutes 32 seconds east, 66.00 feet to the west line extended north of lot 2404 in said Hidden Acres; thence south 00 degrees 34 minutes 58 seconds east along said east line extended and said east line, 290.77 feet to the south west corner of said lot 2404; thence north 88 degrees 16 minutes 46 seconds east along the said south line, 183.04 feet; thence north 75 degrees 03 minutes 18 seconds east along said south line, 281.43 feet; thence north 70 degrees 58 minutes 13 seconds east along said south line, 770.85 feet to the southeast corner of lot 2422 of said Hidden Acres; thence north 00 degrees 42 minutes 03 seconds east along the east line of said lot 2422, 191.94 feet to the southeasterly line of north 4080th road; thence northeasterly along said south line, said line being a curve to the left with radius of 250.05 feet, an arc length of 86.19 feet; and chord bearing north 40 degrees 16 minutes 48 seconds east and chord length of 66.00 feet to the southwest corner of lot 4048 of amended final plat of lots 4084, 4088, 4090, and 4096 Hidden Acres Subdivision according to the plat thereof recorded December 08, 2005, as document number 2005-32278; thence south 89 degrees 17 minutes 57 seconds east along the south line of said lot 4048, 383.67 feet to the south east corner of said lot; thence north 25 degrees 22 minutes 12 seconds east along the southeasterly line of said amended plat, 276.18 feet; thence north 66 degrees 11 minutes 36 seconds east, 193.94 feet; thence north 59 degrees 06 minutes 43 seconds east, 106.73 feet to the east line of lot 3 extended south as monumented, of a subdivision according to the plat thereof recorded in book T, page 136 in the LaSalle county recorders office; thence north 00 degrees 53 minutes 12 seconds west along said east line extended, 211.54 feet to the south line of said subdivision; thence north 89 degrees 08 minutes 37 seconds east along said south line and said south line extended 500.54 feet; thence south 01 degrees 08 minutes 50 seconds west, 126.69 feet; thence south 04 degrees 48 minutes 49 seconds east, 205.23 feet; thence south 09 degrees 41 minutes 10 seconds west, 88.77 feet to the northerly line of the Burlington Northern Railroad right of way; thence southwesterly along said right of way line, said line being a curve to the left with a radius of 7658.79 feet, an arc distance of 194.85 feet and chord bearing south 53 degrees 50 minutes 59 seconds west with a chord length of 194.84 feet; thence south 52 degrees 20 minutes 12 seconds west along said north line, 815.50 feet to a non-tangent curve; thence southwesterly along said

5

right of way being a curve to the right with a radius of 2888.25 feet, an arc distance of 623.64 feet and chord bearing south 57 degrees 21 minutes 58 seconds west with a chord length of 622.42 feet; thence south 84 degrees 31 minutes 46 seconds west, along said north line, 158.52 feet; thence south 85 degrees 01 minutes 09 seconds west, along said north line, 432.03 feet; thence south 84 degrees 07 minutes 38 seconds west, along said north line, 161.73 feet to a non-tangent curve; thence southwesterly along said right of way line being a curve to the left with a radius of 3133.73 feet, an arc distance of 309.37 feet and chord bearing of south 60 degrees 43 minutes 15 seconds west with a chord length of 309.24 feet; thence south 57 degrees 11 minutes 30 seconds west, along said north line, 86.20 feet to the east line of lot 2390 of said Timber View Estates; thence north 00 degrees 44 minutes 49 seconds west along said east line 97.08 feet to the northeast corner of said lot 2390; thence south 89 degrees 36 minutes 12 seconds west along the north line of said lot 2390 and the north line extended, 993.08 feet to the east line of said Timber View Estates; thence north 00 degrees 46 minutes 08 seconds west along the east line of said Timber View Estates, 564.19 feet to the point of beginning in LaSalle county, Illinois.

## PROPERTY TAX DATA

Public records indicate that the subject parcels are assigned the following property tax identification numbers in Serena Township, LaSalle County, Illinois:

| Location/ Lot No. | Property Tax ID Number(s) | 2009 Property Taxes |
|---|---|---|
| **Developed Residential Lots** | | |
| Lot 2392 | 09-12-210-011 | $ 110.00 |
| Lot 2401 | 09-12-211-001 | $ 110.00 |
| Lot 2403 | 09-12-212-002 | $ 110.00 |
| Lot 2404 | 09-12-213-001 | $ 110.00 |
| Lot 2407 | 09-37-101-001 | $ 110.00 |
| Lot 2426 | 09-37-103-004 | $ 110.00 |
| Lot 4088 | 09-37-104-007 | $ 110.00 |
| Lot 4090 | 09-37-104-006 | $ 110.00 |
| **Undeveloped Land** | | |
| | 09-12-227-000 | $ 114.50 |
| | 09-37-123-000 | $ 18.20 |

6